IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMEY PAUL LABOVE (TDCJ No. 1971632), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-1324-N-BN |
| JACK GARDNER, Warden, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b) unless Petitioner Jamey Paul Labove complies with the Court's May 19, 2017 order within the time for filing objections to these findings, conclusions, and recommendation.

**Applicable Background**

Labove filed in his closed federal criminal action a Motion for Credit for Time Served, *see United States v. Labove*, No. 3:14-cr-33-N (01) (N.D. Tex.), Dkt. No. 41, which Judge Godbey referred to the undersigned, *see id.*, Dkt. No. 42. Through that motion, Labove requests "back time" and that he be released from his 36-month federal

sentence – received in this Court on December 10, 2014, after he pleaded guilty to being a felon in possession of a firearm, *see id.*, Dkt. No. 34 – on the date that he is projected to be released on the state sentences running concurrent to the federal sentence. Related to this request, the judgment entered in this Court provides that the sentence shall

> run concurrent to the sentence that was imposed for the state cases under Case Nos. F-136342, F-1362343, and F-1349256. The Court further order[ed] the sentence in this case run consecutive to any sentence that may be imposed in the state cases for Unlawful Use of a Criminal Instrument, under Case No. F-2013-1523-D; Burglary of a Building, under Case No. F-2013-1522-D; Theft of Stolen Property, under Case No. 1-87642-2013; Fraudulent Use/Possession of Fraudulent Identifying Information, under Case No. 219-80600-2014; and Insurance Fraud, under Case No. 219-82594-2013, because they are not related to the instant federal offense.

*Id.* at 2.

28 U.S.C. § 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). And courts have treated requests like Labove's under Section 2241. *See, e.g., Littles v. United States*, Civ. No. 14-6371 (NLH), at *1 (D.N.J. Apr. 10, 2015) ("It appears from Petitioner's submissions that he first served a sentence in state prison and that, at the conclusion of his time in state custody, Petitioner was transferred to federal custody. Petitioner states that it was his belief that he would be released at the end of his state prison term. He asks for relief in the form of 'time served.'" (citation omitted)).

This action was opened after Labove filed a Section 2241 petition in response to the notice of deficiency entered in the closed federal criminal action. That petition references a June 10, 2016 letter to Labove from the Bureau of Prisons, *see* Dkt. No. 3 at 2, which was not attached to the petition but a copy of which the undersigned has determined is needed to screen this action. The undersigned therefore issued an order on May 19, 2017 requiring Labove to provide a copy of that letter to the Court by June 19, 2017. *See* Dkt. No. 5 (warning Labove that any failure to comply with the order may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b)).

And, when Labove responded to the recommendation that his motion for leave to proceed *in forma pauperis* in this action be denied, by paying the applicable filing fee, the undersigned, on June 12, 2017, reminded Labove that he still was required to comply with the order to provide a copy of the June 10, 2016 letter to the Court:

> Petitioner's [ ] response to the Court's [order] remains due on June 19, 2017. *See* Dkt. No. 5. That [order] was issued to facilitate the Court's responsibility to preliminarily screen habeas actions under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which rules "also apply to § 2241 habeas cases," like this one. *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001) ("The discretion accorded by Rule 4 of the 2254 Rules 'prevails' over the strict time limits of 28 U.S.C. § 2243.")), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016).

Dkt. No. 7 at 1-2 (again cautioning Labove that any failure to comply "may result in the dismissal of his petition for failure to prosecute and obey orders of the Court under Federal Rule of Civil Procedure 41(b)").

As of today, it is more some four months past the deadline for Labove to comply

with the Court's order, and he has yet to comply or otherwise contact the Court.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions

-4-

would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's order by not providing a copy of the letter needed to screen this action, Labove has prevented this action from proceeding, leaving the impression that he no longer wishes to pursue relief under Section 2241. He therefore has failed to prosecute his lawsuit and obey the Court's orders. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Labove decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b) unless Petitioner Jamey Paul Labove complies with the Court's May 19, 2017 order – by providing the Court a copy of the June 10, 2016 letter referenced in his petition – within the time for filing objections to these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 20, 2017

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE