IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMEY PAUL LABOVE (TDCJ No. 1971632), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-1324-N-BN |
| JACK GARDNER, Warden, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice for lack of jurisdiction.

**Applicable Background, Legal Standards, and Analysis**

At the time that he was incarcerated in the Texas Department of Criminal Justice's ("TDCJ") Bartlett State Jail, in Williamson County, within the Austin Division of the Western District of Texas, 28 U.S.C. § 124(d)(1), Labove filed in his closed federal criminal action a Motion for Credit for Time Served, *see United States v. Labove*, No. 3:14-cr-33-N (01) (N.D. Tex.), Dkt. No. 41, which Judge Godbey referred to the undersigned, *see id.*, Dkt. No. 42. Through that motion, Labove requests "back

-1-

time" and that he be released from his 36-month federal sentence – received in this Court on December 10, 2014, after he pleaded guilty to being a felon in possession of a firearm, *see id.*, Dkt. No. 34 – on the date that he is projected to be released on the state sentences running concurrent to the federal sentence. Related to this request, the judgment entered in this Court provides that the sentence shall

> run concurrent to the sentence that was imposed for the state cases under Case Nos. F-136342, F-1362343, and F-1349256. The Court further order[ed] the sentence in this case run consecutive to any sentence that may be imposed in the state cases for Unlawful Use of a Criminal Instrument, under Case No. F-2013-1523-D; Burglary of a Building, under Case No. F-2013-1522-D; Theft of Stolen Property, under Case No. 1-87642-2013; Fraudulent Use/Possession of Fraudulent Identifying Information, under Case No. 219-80600-2014; and Insurance Fraud, under Case No. 219-82594-2013, because they are not related to the instant federal offense.

*Id.* at 2.

28 U.S.C. § 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). And courts have treated requests like Labove's under Section 2241. *See, e.g., Littles v. United States*, Civ. No. 14-6371 (NLH), 2015 WL 1608918, at *1 (D.N.J. Apr. 10, 2015) ("It appears from Petitioner's submissions that he first served a sentence in state prison and that, at the conclusion of his time in state custody, Petitioner was transferred to federal custody. Petitioner states that it was his belief that he would be released at the end of his state prison term. He asks for relief in the form of 'time served.'" (citation omitted)).

And this action was opened after Labove, still incarcerated at Bartlett, filed a Section 2241 petition in response to the notice of deficiency entered in the closed federal criminal action.

According to records available from the TDCJ, Labove remains in state custody, with a maximum sentence date of December 12, 2019. Those records further reflect that, prior to being sentenced in this Court, Labove received (on July 3, 2014) sentences of three years of imprisonment for each Dallas County conviction that this Court found to be related to the federal offense and that, after he was sentenced in this Court, he received a two-year sentence in Denton County for burglary of a building and two six-year sentences in Collin County for fraudulent use/possession of fraudulent identifying information and insurance fraud – all three offenses referenced in this Court's judgment as not being related to the offense prosecuted in this Court.

It appears that the exact relief that Labove requests – that his three-year federal sentence (pronounced on December 10, 2014) end on the date that the state sentences (all for three years and all pronounced on July 3, 2014) running concurrently with it end (or ended) – may be foreclosed by established precedent, under which "a federal sentence cannot commence prior to the date that it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

But, even if that is the case, this Court lacks the authority to make that determination, because Labove was not at the time that he filed this action (nor is he now) incarcerated in this district. As the applicable habeas statute provides, "[d]istrict

courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

This action, then, should be dismissed without prejudice for lack of jurisdiction, and Labove should be directed to file an action under 28 U.S.C. § 2241 concerning the apparent sentencing credit that he seeks in the federal district where he is incarcerated but only after he first exhausts any available administrative remedies with the Bureau of Prisons.

**Recommendation**

The Court should dismiss this action without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE